# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| CNH AMERICA., LLC, | ) | |
| CNH FRANCE, S.A., | ) | |
| CNH BELGIUM, N.V., and | ) | |
| CNH UK, Ltd., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-2251 |
| v. | ) | |
| | ) | |
| EQUIPMENT DIRECT-USA, LLC and | ) | |
| WILMER OTTO, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

In October 2009, Plaintiffs CNH America, LLC, CNH France, S.A., CNH Belgium, N.V., and CHN UK, Ltd., filed a Complaint (#1) against Defendants Equipment Direct-USA, LLC, and Wilmer Otto. Federal jurisdiction is allegedly based on diversity pursuant to 28 U.S.C. § 1332(a)(3).

In December 2009, Defendants filed a Combined Motion To Dismiss Under Federal Rules of Civil Procedures 12(b)(3), (6), (7) and Motion for a More Definite Statement Under 12(e) (#11). In January 2010, Plaintiffs filed a Response in Opposition to Defendants' Combined Motion to Dismiss and for More Definite Statement (#20). After reviewing the parties' pleadings and memoranda, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Combined Motion To Dismiss Under Federal Rules of Civil Procedures 12(b)(3), (6), (7) and Motion for a More Definite Statement Under 12(e) **(#11)** be **DENIED**.

## I. Background

The following background is taken from the complaint. Plaintiffs are four branches of a multinational corporation engaged in the business of manufacturing agricultural and construction

equipment for the global market. Defendant Equipment Direct-USA, LLC (hereinafter "Equipment Direct") is engaged in the business of supplying agricultural equipment to its customers. Defendant Wilmer Otto (hereinafter "Otto") is Equipment Direct's managing member.

In March 2006, Defendant Otto, acting on behalf of Equipment Direct, signed two contracts (hereinafter "March 2006 contracts") with CNH America. These contracts also contained personal guarantees signed by Otto. The contracts stated that CNH America agreed to manufacture and ship agricultural equipment to Equipment Direct in exchange for payment from Equipment Direct. Plaintiffs allege that Equipment Direct purchased and accepted agricultural equipment under the terms of the contracts, and subsequently resold the equipment, but Equipment Direct failed to pay the entire amounts due, including charges for storage and interest under the terms of the March 2006 contracts. Plaintiffs also allege that Equipment Direct owes Plaintiffs for purchase of additional agricultural equipment and services that were not a part of the March 2006 contracts. These goods and services were allegedly billed to Equipment Direct using Plaintiffs' invoices, but Equipment Direct did not remit full payment on these invoices.

Plaintiffs' complaint alleges three counts as follows: Count I alleges an account stated against Defendant Equipment Direct. Count II alleges that Equipment Direct breached the March 2006 contracts. Count III alleges that Defendant Otto breached the contracts' guarantee provision.

**II. Legal Standards**

Defendants raise arguments involving venue, failure to state a claim, joinder, and a request for a more definite statement.

A party may move to dismiss a claim based on improper venue under Rule 12(b)(3). *Wendt v. Handler, Thayer & Dugan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009). The plaintiff bears the burden of establishing that venue is proper. *Id.* In ruling on a motion to dismiss for improper venue, the Court accepts as true all well-pleaded allegations in the

complaint unless they are contradicted by affidavit. *Rotec Inds. Inc. v. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). The Court may examine extrinsic facts outside the complaint and must draw all reasonable inferences in favor of the plaintiff. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008). An objection to venue can be waived or forfeited if not timely raised. *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004).

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a Rule 12(b)(6) motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). However, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tomayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 550 U.S. at 555, 569 n.14).

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a necessary party under Rule 19. FED. R. CIV. P. 12(b)(7). In ruling on a motion to dismiss for failure to join a necessary party, a court must accept as true the allegations of the complaint, and may consider extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001).

The moving party bears the burden of showing that a party must be joined for just adjudication. *Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 873 (N.D. Ill. 2002).

The Court should grant a motion for more definite statement if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. FED. R. CIV. P. 12(e). The Court should deny a motion for more definite statement if the complaint meets notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that it is able to respond. *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973) . A party should not use a motion for more definite statement to obtain factual details or as a substitute for discovery. *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

### III. Jurisdiction

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a court has a continuing duty to satisfy itself of its subject matter jurisdiction before proceeding to the merits of any case. *Smith v. Am. Gen. Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003). Although neither party has raised the issue, the Court must be vigilant about the existence of subject matter jurisdiction and may raise the issue on its own. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001) (a court has a duty to satisfy itself of its own jurisdiction and may raise the issue on its own if the parties do not).

As an initial matter, the Court notes that Plaintiffs have not adequately alleged federal jurisdiction based on diversity. Specifically, regarding the citizenship of Plaintiff CNH Belgium N.V., "N.V." stands for "naamloze vennootschap," the Dutch term for a public limited liability corporation (hereinafter "LLC") owned by shareholders. It is unclear to the Court whether a "naamloze vennootschap" is more like a corporation or an LLC. If it is an LLC, then its citizenship depends on the citizenship of its members, rather than the state (or country) of incorporation and the location of its principal place of business. *See Marseilles Hydro Power,*

*L.L.C. v. Marseilles Land & Water Co*., 299 F.3d 643, 652 (7th Cir. 2002).  Therefore, Plaintiffs must allege each member of the LLC and its citizenship.

Regarding the citizenship of Defendant Equipment Direct, Plaintiffs have alleged as follows:  "Equipment Direct USA, LLC is, on information and belief, an Illinois limited liability company with its principal place of business at 105 East Main Street, Arcola, Illinois 61910.  Its two members are Wilmer Otto and Milton Otto, both of whom, on information and belief, reside in Douglas County, Illinois.  (#1, ¶ 5.)

First, allegations based on "information and belief" are insufficient; jurisdictional allegations are subject to the "reasonable inquiry" requirement of Rule 11.  FED. R. CIV. P. 11; *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (allegations concerning the citizenship of the defendants made upon "information and belief" are improper under the Federal Rules of Evidence); *Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Second, an individual's state of citizenship is the state of the individual's domicile at the time the lawsuit was filed.  *Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir. 1991).  Domicile has two elements:  (1) physical presence or residence in a state, and (2) an intent to remain in the state.  *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir. 1993).  Although citizenship for diversity purposes generally follows domicile, an allegation of residency by itself is insufficient to establish diversity jurisdiction.  *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001).

It appears these defects in alleging jurisdiction can be cured, therefore the Court will not dismiss the case for lack of jurisdiction at this point.  Accordingly, the Court directs Plaintiffs to file an amended complaint or an affidavit to clarify the citizenship of the parties.

## IV.  Analysis

Defendants submit a combined motion that makes the following arguments:  (1) Plaintiffs filed their claims in an improper venue and the claims should be transferred to Italy; (2) the complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); (3) alternatively, if Plaintiffs stated a valid claim, they failed to join necessary parties to the complaint; and (4) alternatively, if Plaintiffs stated a valid claim, Defendants request that Plaintiffs provide a more definite statement of their claims, including:  (a) correcting alleged errors in the amounts claimed, and (b) dividing the claims into separate counts for each Plaintiff.

### A.  Venue and Choice of Law

Defendants first argue that Plaintiffs filed this action in an improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Defendants contend that, pursuant to a Letter of Intent (hereinafter "LOI") entered between nonparty CNH Italia, S.p.A. (hereinafter "Italia"), and Defendants, this dispute should proceed in Italy under an "Overall Agreement" in the LOI.  Plaintiffs dispute Defendants' arguments, stating that:  (1) The LOI expired on its own terms; (2) although the March 2006 contracts are valid and enforceable, the choice of forum clause in those contracts is not mandatory; and (3) this Court is the most convenient forum for the parties' dispute, because Equipment Direct and Otto are citizens of this District.

#### 1.  The Letter of Intent

Defendants contend that the LOI governs an Overall Agreement between Plaintiffs and Equipment Direct, and it establishes that Italy is the proper venue for the suit.  In support of this argument, Defendants attach the LOI, a Distributor Confirmation Certificate, and an affidavit signed by Otto.  Plaintiffs respond that the plain language of the LOI demonstrates that it expired and therefore the LOI does not govern the dispute at issue.

Italia, "on behalf of its affiliates" (#12-3, p. 1) entered into the LOI with Equipment Direct on May 24, 2005.  The LOI states that Italia granted Equipment Direct "the non-exclusive rights to sell and service the Products in the territory of UKRAINE for an initial period of 12 months from 1st January 2005." (#12-3 p. 1.)  Additionally, the LOI states that it "shall be

effective as from January 1st 2005 and shall continue for a period of twelve months thereafter until December 31st 2005 at which date *it will automatically expire*" unless Equipment Direct purchases equipment in the amount of $10,000,000 from CNH.  (#12-3, p.1 (emphasis added).)

The Court agrees with Plaintiffs that the LOI expired on its own terms.  The plain language of the LOI clearly states that it will automatically expire on December 31, 2005, unless Equipment Direct purchases $10,000,000 in equipment.  Defendants do not contend that they satisfied the "unless" clause of the expiration condition in the LOI.  Thus, the Court concludes that the LOI expired on its own terms on December 31, 2005; therefore, its venue and choice of law clauses do not apply to this suit.

Defendants' other documents do not change this conclusion.  The Distributor Confirmation Certificate offered in support of Equipment Direct's status as a nonexclusive dealer is not a contract, nor does it in any way demonstrate that Equipment Direct and Italia extended the LOI beyond its initial one-year term.  The Otto affidavit actually undercuts Defendants' argument:  The affidavit states that the LOI formed the basis for all subsequent negotiations and agreements between Equipment Direct, Italia, and Plaintiffs, but does not claim that the LOI was in fact extended, either orally or in writing.  Accordingly, the Court rejects Defendants' argument that the LOI governs venue and declines to dismiss this case, transfer the case to Italy, or apply Italian law on that basis.

### 2.  The Forum Selection Clauses in the March 2006 Contracts

As the Court will explain later, for purposes of this motion, the Court accepts the March 2006 contracts as valid and enforceable against Defendants.  Thus, the Court will consider the choice of forum clauses in the contracts when addressing the venue issue.  Those clauses state that "the Parties hereby agree to the jurisdiction of and venue in the Courts of the State of Delaware to adjudicate actions brought under this Contract."  (#1-2, ¶ 9, #1-3, ¶ 8.)  Nevertheless, Plaintiffs argue that the Central District of Illinois constitutes an appropriate venue for this suit.

Defendants' only argument regarding forum is that Italy is the appropriate forum; Defendants raised no argument related to the forum selection clauses in the contracts. Therefore, Defendants have waived any argument based on the forum selection clauses. *See Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 747 (7th Cir. 2007) (stating that an objection to venue is waived when not timely raised and that forum selection clauses are analogous to venue because they are the parties' determination of the most convenient forum for litigation). In fact, Defendants requested in their motion that "this Court determine" the issues in dispute between the parties if the Court decided not to transfer the case to Italy. (#11, p. 2.) Thus, Defendants have waived any argument that Delaware is the proper forum.

As Plaintiffs point out, this Court is most convenient for Defendants, because both Equipment Direct and Otto are citizens of this District. Based on convenience, the Court's decision that the LOI is inapplicable, and Defendants' waiver of any argument for a transfer to Delaware, the Court concludes that venue is proper in this Court and recommends denying the motion to dismiss based on improper venue.

### 3. Choice of Law

Neither party discusses whether Delaware or Illinois law should apply to the substantive state law issues if the Court does not transfer the case to Italy. Defendants ask the Court to apply Illinois law if the case is not transferred to Italy. Plaintiffs state in their response that because both Illinois and Delaware have adopted the Uniform Commercial Code (hereinafter "U.C.C."), there is no conflict between the two states' substantive law and thus it is irrelevant which law the Court applies.

As previously stated, the Court accepts the March 2006 contracts as valid and enforceable for the purpose of this motion. Thus, the contracts' choice of law provisions are relevant. The choice of law clauses in the March 2006 contracts state that "[t]his contract shall be governed by and in accordance with the laws of the State of Delaware." (#1-2 ¶ 9, #1-3 ¶ 8.)

Even though the contracts select Delaware law, because Defendants have challenged the validity of the contracts, "a district court exercising jurisdiction because of the diversity of citizenship of the parties must apply the choice of law rules of the state in which it sits" to determine the appropriate law to use. *Curran v. Kwon*, 153 F.3d 481, 488 (7th Cir. 1998); *see Klaxton v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941). Illinois uses the "most significant contacts" test which requires a court to consider the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile and nationality of the parties. *Id*. Here, neither party objects to the use of Illinois law: Plaintiffs cite both Illinois and Delaware case law throughout their response brief, and Defendants ask the Court to use Illinois law to determine the disputed issues.

Therefore, after reviewing the pleadings and memoranda submitted at this early stage in the litigation, and after taking into consideration the positions of the parties, the Court concludes that Illinois has the "most significant contacts" with the transactions and the parties in this suit and will apply Illinois substantive law to state law questions at issue here.

### B. Defendants' Rule 12(b)(6) Motion To Dismiss

Defendants next argue that Plaintiffs failed to state a claim in any of the three counts in the complaint. Plaintiffs respond that, based on the well-pleaded facts in their complaint, they have stated valid claims.

In support of their Rule 12(b)(6) argument, Defendants provided several exhibits and an affidavit sworn by Defendant Otto. Defendants ask the Court to review these documents and convert their Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment where needed. (#15, ¶ 3.) At a court's discretion, a Rule 12(b)(6) motion to dismiss is converted to a motion for summary judgment when a court actually considers extrinsic evidence. *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002).

The Court declines to convert Defendants' Rule 12(b)(6) motion to a summary judgment motion at this stage in the litigation. Thus, the Court will not consider any extrinsic evidence

9

when addressing the motion to dismiss for failure to state a claim.  The parties are invited to file properly supported motions for summary judgment at a later date.  Those  motions should comply with Local Rules.  *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (upholding strict enforcement of local rules).

In addition, based on the Court's conclusion that the LOI and Italian law do not apply to the substantive issues raised in the parties' briefs, the Court declines to address Defendants' arguments regarding Italian law.

### 1.  Account Stated

Defendants first argue that Plaintiffs failed to state a claim as to their account stated claim in Count I.  Defendants contend that Plaintiffs failed to state a claim because:  (1) The factual allegations regarding the amounts owed, and to which entity, are not specific enough to state a claim; (2) the parties dispute whether one of the pieces of equipment billed to Equipment Direct was actually shipped to Equipment Direct or to a third party unrelated to this litigation; (3) Equipment Direct has several counterclaims that are intimately connected to Plaintiffs' claims; and (4) Plaintiffs failed to state a claim for an account stated under Illinois law.

First, Defendants argue that the complaint's allegations are not detailed enough to state a claim for an account stated.  However, Plaintiffs specifically allege in their complaint the amount of money owed under the March 2006 contracts, as well as the amounts owed under specific numbered invoices.  For purposes of the Rule 12(b)(6) motion to dismiss, Plaintiffs have alleged sufficient facts to state a claim.  Defendants may seek detailed information regarding the specific amounts owed to each Plaintiff through the discovery process.

The Court reaches the same conclusion regarding Defendants' second argument that Plaintiffs fail to state a claim because Plaintiffs billed one piece of equipment to Defendants which Defendants claim it never received.  This factual dispute should be resolved through discovery.

Third, Defendants contend that the Court should dismiss the account stated claim because Plaintiffs have several counterclaims that are "intimately connected" to Plaintiffs' claims. Defendants cite no authority to support the position that Plaintiffs' claim should be dismissed because there are counterclaims intimately connected to Plaintiffs' claims. This is not a reason to dismiss a claim; Defendants may file those counterclaims pursuant to Federal Rule of Civil Procedure 13 so that the Court can adjudicate all possible claims arising out of the parties' course of dealing.

Finally, Defendants contend that the account stated claim fails as a matter of Illinois law. The Court disagrees.

An account stated is "an agreement between parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *McHugh v. Olsen*, 545 N.E.2d 379, 383 (Ill. App. Ct. 1989) (citing *W.E. Erickson Constr., Inc. v. Congress-Kenilworth Corp.*, 477 N.E.2d 513, 519 (Ill. App. Ct. 1985)). The agreement must demonstrate the mutual assent of the debtor and creditor. *Protestant Hosp. Builders Club, Inc. v. Goedde*, 424 N.E.2d 1302, 1306 (Ill. App. Ct. 1981). This assent can take place when one party renders the account and the other acquiesces by retaining an account without objecting to its correctness within a reasonable period of time. *Id.* Whether an account stated exists is a question of fact. *McHugh*, 545 N.E.2d at 383.

Plaintiffs have alleged that a previous agreement existed between the parties and that transactions occurred for a period of over three years between 2006 and 2009; that Defendants entered into the March 2006 contracts, accepted good from Plaintiffs both under and in addition to the March 2006 contracts, and agreed to pay for those goods; and that the account representing the parties' course of dealing is accurate and the balance stated in the complaint is correct. Based on allegations in the complaint, the Court concludes that Plaintiffs have adequately alleged an account stated claim.

### 2. Breach of Contract

Defendants next argue that Plaintiffs fail to state a claim of breach of contract. Specifically, Defendants contend that: (1) the March 2006 contracts attached to the complaint are unsigned by Plaintiffs and are thus invalid because the signature requirement was a condition precedent to contract formation; (2) even assuming that the signature requirement in the contracts is ambiguous, it must be construed against Plaintiffs because they drafted the March 2006 contracts; and alternatively, (3) Defendants withdrew any offer to Plaintiffs in a December 2009 letter. Plaintiffs respond that: (1) the signature requirement in the March 2006 contracts was not a condition precedent for formation; and (2) because the March 2006 contracts deal with the sale of goods, the U.C.C., adopted by the state of Illinois, applies to the contracts. Thus, Plaintiffs argue, the signature requirement is immaterial to the enforcement of the contracts based on the parties' course of performance under the contracts for more than three years.

Each of the March 2006 contracts expressly state that the contract "shall come into force upon its signing by both parties." (#1-2, ¶ 10.7; #1-3, ¶ 8.6.) Defendants contend that this language indicates the signature requirement constituted a condition precedent to an enforceable contract between the parties. Plaintiffs disagree that the signature requirement constitutes a condition precedent. In addition, they contend that the contracts are enforceable against Defendants based on the parties' course of performance.

A party may waive a condition precedent either by an express waiver or when the "conduct of the person against whom waiver is asserted is inconsistent with any other intention than to waive it." *Whalen v. K-Mart Corp.*, 519 N.E.2d 991, 994 (Ill. App. Ct. 1988). Here, because the primary purpose of the March 2006 contracts was the sale of goods, the U.C.C. governs the parties' course of performance. Under the U.C.C., if the parties do not adhere to the express terms of a contract, their course of performance may establish a waiver of those terms. *Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.*, 891 N.E.2d 1, 28 (Ill. App. Ct. 2007). This waiver is inferred through the parties' course of performance in order to "preserve the flexible character of commercial contracts and to prevent surprise or other hardship" to the parties. 810 ILCS 5/2-208(3).

In this case, the complaint alleges that the parties performed under the terms of the March 2006 contracts for more than three years. During that period, Defendants allegedly bought, received, and resold millions of dollars in goods from Plaintiffs. This course of performance over a three-year time period is consistent with the existence of a valid contract, thus implying Defendants' "intentional relinquishment" of the signature requirement. *Midwest Builder*, 891 N.E.2d at 28. Furthermore, Defendants' reliance on *Leekha v. Wentcher* is misplaced. In that case, the court distinguished between parties who had never before engaged in commercial transactions and those who had previously "reaped the benefits" of a prior contract. *Leekha v. Wencher*, 586 N.E.2d 557, 561 (Ill. App. Ct. 1991). Here, Defendants surely reaped the benefits from a relationship with Plaintiffs which began in 2005 under the LOI and continued on the multimillion dollar level until 2009. Accordingly, based on the allegations in the complaint, Defendants waived any signature requirement in the contract.

Plaintiffs also argue that the contracts are enforceable based on the plain language of the U.C.C. Under the U.C.C., a contract is enforceable if is signed by the party against whom enforcement is sought. 810 ILCS 5/2-201(1). When the parties to a contract are merchants, a contract comes into force if a party fails to object to the terms of the contract within ten days of receiving the contract. 810 ILCS 5/2-201(2). A contract is enforceable notwithstanding a signature requirement if the buyer of goods under the contract received and accepted the goods. 810 ILCS 5/2-201(3)(c). A buyer accepts goods when the buyer commits any act inconsistent with the seller's ownership. 810 ILCS 5/2-606(c); *Midwest Builder*, 891 N.E.2d at 24.

Here, both Plaintiffs and Equipment Direct are merchants. *See* 810 ILCS 5/2-104. Plaintiffs seek to enforce the contracts against Defendants and the March 2006 contracts attached to Plaintiffs' complaint contain Defendants' signature. Defendants did not object to the terms of the contract during a course of performance of more than three years, far in excess of the ten-day period required by the U.C.C. for a contract to come into force. Finally, Defendants allegedly received, accepted, and resold millions of dollars in goods from Plaintiffs. Based on the allegations of the complaint, the absence of Plaintiffs' signatures on the contracts attached to the complaint does not make the contracts unenforceable.

Defendants' remaining arguments are unpersuasive. Thus, Plaintiffs have adequately alleged that the March 2006 contracts are valid and enforceable and the Court concludes Plaintiffs have adequately alleged a breach of contract claim.

### 3. Breach of Guarantee

Lastly, Defendants argue that Plaintiffs failed to state a claim of a breach of guarantee by Defendant Otto. Defendants argue that: (1) The guarantees Otto signed as part of the March 2006 contracts are invalid because the March 2006 contracts are invalid; (2) the guarantees are invalid because Otto was never given notice that the March 2006 contracts were in force; and (3) the guarantees are invalid because Plaintiffs amended the March 2006 contracts by shipping goods before receiving final payment. Plaintiffs respond that: (1) the March 2006 contracts are in fact valid and enforceable; (2) Otto had actual notice of performance under the contract as managing member of Equipment Direct; and (3) any amendment to the March 2006 contracts was not material and thus did not invalidate the guarantees.

First, as the Court explained above, Plaintiffs have pled sufficient facts and have a sufficient basis in law to establish the March 2006 contracts as valid. Thus, Defendants' first argument is unpersuasive. The Court agrees with Plaintiffs' response to Defendants' second argument. As managing member of Equipment Direct, Otto had actual knowledge of the course of performance of the parties from 2006 until 2009. Thus, Otto cannot claim lack of "notice" that the March 2006 contracts were in force when he personally signed the contracts and guarantees, returned them to Plaintiffs, and performed under the terms of the contracts for over three years.

In their third argument, Defendants' claim, without supporting case law, that the guarantees are invalid because of Plaintiffs' alteration of a term in the March 2006 contracts. Based on Plaintiffs' well-reasoned argument in their response, the Court finds Defendants' third argument unpersuasive. (#20, p. 16-17.) Accordingly, after considering the parties' arguments and the allegations in the complaint, the Court concludes that Plaintiffs have adequately alleged a breach of guarantee claim.

Because the Court has concluded that Plaintiffs adequately alleged claims of account stated, breach of contract, and breach of guarantee, the Court recommends denying the motion to dismiss for failure to state a claim.

### C.  Joinder

Defendants next argue that the Court should dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(7) because Plaintiffs failed to join an indispensable party to this litigation. Defendants contend that the Court cannot accord complete relief to the existing parties as required by Federal Rule of Civil Procedure 19(a)(1)(A) because Italia and another entity, CNH Netherlands, N.V. (hereinafter "Netherlands"), are necessary to the resolution of the dispute.  Plaintiffs respond that they have joined all necessary parties to this litigation and there is no suggestion as to why complete relief cannot be granted on the pending claims.

Under Rule 19, the Court ordinarily conducts a two-step inquiry.  *Rotec Inds., Inc. v. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 937 (7th Cir. 2006).  First, the Court considers three factors:  (1) whether complete relief can be accorded among the parties already in the case without joinder; (2) whether the absent entity's ability to protect its own interest will be impaired; and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations.  FED. R. CIV. P. 19(a)(1).  Second, when a court decides a party is necessary but cannot be joined, the court must then determine whether the party is indispensable to the action. FED. R. CIV. P. 19(a, b).  In this case, the parties address only the first factor.

Defendants contend that complete relief cannot be accorded without joining Italia and Netherlands.  They contend that both are necessary parties because Italia is part of the overall agreement in the LOI, and because Netherlands is a "parent" of Plaintiffs.  Defendants also contend that Italia and Netherlands are required to represent the "unincorporated association" of business organizations described in the LOI.  Having previously determined that the LOI does not control this litigation, the Court finds Defendants' arguments unpersuasive.  Moreover, complete relief refers to the relief available between those parties already joined to the litigation,

15

not between parties and an outsider. *Rotec,* 436 F. Supp. 2d at 937. Defendants have not argued that the Court cannot determine complete relief as to the parties currently engaged in this litigation.

Based on the allegations in the complaint, complete relief is possible between the parties already in the case. Accordingly, the Court recommends denying the motion to dismiss for failure to join a party.

### D. Motion for a More Definite Statement as to the Account Stated Claim

Lastly, Defendants request a more definite statement as to Plaintiffs' account stated claim. Defendants argue that the account stated claim does not sufficiently articulate the individual party to each transaction in the claim. Plaintiffs respond that the allegations in their complaint listing individual invoice numbers for each transaction at issue provide more than what is required under notice pleading standards.

The Court will only grant a motion for more definite statement if the complaint is so unintelligible that the defendant cannot draft a responsive pleading. *Moore v. Fid. Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994). In the complaint, Plaintiffs allege the specific invoice numbers, dates, and amounts that Defendants owe Plaintiffs. Plaintiffs have alleged sufficient factual information to allow Defendants to respond to the complaint. Any additional factual information Defendants require may be obtained during the discovery process. In fact, Plaintiffs' allegations will assist Defendants in searching their files for the exact invoices at issue. Thus, the Court finds Defendants' motion for a more definite statement unpersuasive and recommends denying the motion.

### V. Summary

For the reasons stated above, this Court recommends that Defendants' Combined Motion To Dismiss Under Federal Rules of Civil Procedures 12(b)(3), (6), (7) and Motion for a More Definite Statement Under 12(e) **(#11)** be **DENIED**. The Court also directs Plaintiffs to file an amended complaint or affidavit to cure the deficiencies in Plaintiffs' jurisdictional allegations.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F. 2d 538, 539 (7th Cir. 1986).

ENTER this 1st day of April, 2010.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE