UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| CNH AMERICA LLC, CNH FRANCE S.A., CNH BELGIUM N.V., and CNH UK LTD., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 09-CV-2251 |
| EQUIPMENT DIRECT – USA, LLC, and WILMER OTTO, | ) ) ) ) |
| Defendants. | ) |

### ORDER

On April 1, 2010, Magistrate Judge David G. Bernthal filed a lengthy Report and Recommendation (#27) in this case. On April 14, 2010, Defendants, Equipment Direct – USA, LLC, and Wilmer Otto, filed Objections to Report and Recommendation (#34) and a Memorandum in Support (#35). On April 28, 2010, Plaintiffs, CNH America LLC, CNH France S.A., CNH Belgium N.V. and CNH UK Ltd., filed their Response to Defendants' Objections (#37). This court has conducted a careful and thorough de novo review of the Judge Bernthal's reasoning, Defendants' Objections and Plaintiffs' Response. Following this review, this court agrees with and accepts Judge Bernthal's Report and Recommendation.

In his thorough and well-reasoned Report and Recommendation, Judge Bernthal first concluded that there was no basis for Defendants' argument that Plaintiffs filed their claims in an improper venue and the claims should be transferred to Italy. Judge Bernthal therefore recommended that Defendants' motion to dismiss based upon improper venue should be denied. Judge Bernthal also rejected Defendants' argument that Italian law should apply to this case and concluded that Illinois substantive law applies to the state law questions at issue. Judge Bernthal

also concluded that Plaintiffs adequately alleged claims of account stated, breach of contract and breach of guarantee so that Defendants' motion to dismiss for failure to state a claim should be denied. In doing so, Judge Bernthal specifically found that Plaintiffs had adequately alleged that the May 2006 contracts they relied upon were enforceable. Judge Bernthal noted that the complaint alleged that the parties performed under the terms of the May 2006 contracts for more than three years and, during that period, Defendants allegedly bought, received, and resold millions of dollars in goods from Plaintiffs. Judge Bernthal also concluded that Defendants had not shown that the suit should be dismissed because Plaintiffs failed to join indispensable parties to the litigation. Judge Bernthal noted that Defendants had not argued that the court could not determine complete relief as to the parties currently engaged in the litigation and concluded that, based upon the allegations in the complaint, complete relief is possible between the parties already in the case. Judge Bernthal therefore recommended denying Defendants' motion to dismiss for failure to join a party. Finally, Judge Bernthal concluded that Defendants' arguments in support of their motion for a more definite statement were unpersuasive and recommended denying that motion as well.

In their Objections, Defendants are contesting Judge Bernthal's conclusion that Italy is not the only proper venue for this case, his conclusion that the case does not have to be decided based upon Italian law, and his conclusion that CNH Italia S.p.A. is not an indispensable party to this suit. Defendants rely on a Letter of Intent between Defendant Equipment Direct–USA, LLC (Equipment Direct) and CNH Italia S.p.A. Defendants hotly contest Judge Bernthal's conclusion that the Letter of Intent expired by its own terms because Defendants did not purchase $10,000,000 or more by the end of 2005. Defendants have provided this court with the affidavit of Milton Otto which states that Equipment Direct purchased goods with a value of $11,286,800 between January 1, 2005, and

December 31, 2005, thereby meeting the purchase requirements of paragraph 2 of the Letter of Intent.

This court agrees with Plaintiffs, however, that there are many other hindrances to Defendants' quest to make CNH Italia S.p.A. a party to this case and move the case to Italy. This court agrees that Plaintiffs are not seeking to recover on any transactions related to the Letter of Intent and, in fact, most of what Plaintiffs have alleged Equipment Direct owes them is based upon the March 2006 contracts. In addition, Defendant Wilmer Otto's liability is alleged to arise exclusively out of his personal guarantee related to those two agreements. This court also agrees that, even accepting that Equipment Direct purchased over $10,000,000 in product in 2005, the Letter of Intent was a provisional and incomplete attempt to set interim ground rules in anticipation of a definitive agreement in the future. The Letter of Intent provided that it was the intention of the parties to enter into an actual "Distribution Agreement" at the end of the Letter of Intent's term. The Letter of Intent provided, however, that there were at least three independent conditions precedent: (1) Equipment Direct had to purchase $10,000,000 in Case IH whole goods during the term of the Letter of Intent; (2) Equipment Direct had to "satisfactor[ily] complet[e] . . . the CNH application procedure required to become a Case IH Distributor;" and (3) the parties, "at the exclusive discretion of CNH" had to enter into a "formal Distribution Agreement." This court agrees with Plaintiffs that Defendants have never suggested that they completed the application procedure and have conceded that negotiations based upon the Letter of Intent subsequently ensued but that no further agreement was ever reached.

In addition, the two March 2006 agreements, which Judge Bernthal concluded were enforceable, contain integration clauses which unequivocally state that no other agreement governed

those transactions, clearly implying that the Letter of Intent was no longer in effect. This court also agrees with Plaintiffs that there is no basis for finding that the Letter of Intent governed even those transactions not covered by the March 2006 agreements. This court agrees with Judge Bernthal that venue over the entire dispute is proper in this District, and the rights of the parties should be determined according to Illinois law, not Italian law. This court also agrees with Judge Bernthal and Plaintiffs that the presence of CNH Italia S.p.A, is not necessary to determine Defendants' obligation to pay Plaintiffs for goods Defendants purchased directly from them.

Defendants have not objected to Judge Bernthal's other recommendations, and the time for filing objections has elapsed. See 28 U.S.C. § 636(b)(1). Therefore, all of Judge Bernthal's other Recommendations are also accepted by this court. See Video Views, Inc. v. Studio 21, Ltd, 797 F.2d 538 (7th Cir. 1986).

 IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#27) is accepted by this court in its entirety.

(2) Defendants' Combined Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(3), (6), (7) and Motion for a More Definite Statement Under 12(e) (#11) is DENIED.

(3) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 30th day of April, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE